**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**Sonda Shafer, et al.,**

        *Plaintiff,*

                                         Case No. 3:16-cv-071

v.                                             Judge Thomas M. Rose

**Sgt. David Reese,** *et al.***,**

        *Defendants.*

---

**DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE NEWMAN (ECF 39) THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF 21) BE GRANTED WITH REGARD TO *PRO SE* PLAINTIFFS' CLAIMS ALLEGING THE ALTERATION OF EVIDENCE, CIVIL CONSPIRACY, AND MUNICIPAL LIABILITY; REJECTING RECOMMENDATION THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED WITH REGARD TO *PRO SE* PLAINTIFFS' SECTION 1983 CLAIMS ALLEGING FOURTH AMENDMENT VIOLATIONS; GRANTING OBJECTION TO MAGISTRATE JUDGE ORDER (ECF 40); GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS CITY OF URBANA OHIO, JADE MICHAEL COOPER, JASON KIZER, DAVID REESE (ECF 21); AND TERMINATING CASE**

---

Pending before the Court is a Report and Recommendation from Magistrate Judge Michael J. Newman that: (1) Defendants' motion for summary judgment (ECF 21) be denied with regard to *pro se* Plaintiffs' section 1983 claims alleging Fourth Amendment violations; and (2) Defendants' motion for summary judgment be granted with regard to *pro se* Plaintiffs' remaining

1

claims alleging the alteration of evidence, civil conspiracy, and municipal liability. For the reasons that follow, the Report and Recommendation will be adopted in part and rejected in part. The motion for summary judgment will be granted in full.

The current case stems from an incident on March 31, 2015 involving Plaintiff Steven L. Inskeep, Co-Plaintiff Sonda Shafer and the Urbana Police Department. Events that day lead to Inskeep being charged with possession of marijuana. "On October 13, 2015, Inskeep filed a motion to suppress evidence obtained by the police from his residence and other property that he leased [on Rt. 36]. Inskeep argued that the search violated his Fourth Amendment rights. Inskeep also challenged the legality of the search warrants used by the police to gain entrance into his properties." *Ohio v. Inskeep*, 2016-Ohio-7098, ¶ 4 (Donovan, P.J.). "On November 2, 2015, however, Inskeep withdrew his motion to suppress and indicated his wish to plead guilty to Count I, possession of marijuana, and Count II, illegal cultivation of marijuana, both felonies of the fifth degree. In exchange for Inskeep's pleas, entered on December 28, 2015, the State agreed to dismiss the remaining two counts and recommend that he be sentenced to community control upon disposition." Id. ¶ 5. Inskeep moved to withdraw his pleas; which motion was denied. He later appealed the denial of a motion to withdraw his guilty plea, which appeal was denied. *Id.*

On June 9, 2016, Inskeep filed a complaint in this Court decrying the violation of his Fourth Amendment rights. See Case No. 3:16-cv-00225, Doc. #2, PageID 16-22. This action was consolidated with a complaint filed by Sonda Shafer, with whom Inskeep was residing. See Case No. 3:16-cv-00071, Doc. #4, PageID 25-35. Defendants filed a motion for summary judgment, (ECF 21), that Inskeep opposed, (ECF 27), but Shafer did not. A Report and Recommendation, (ECF 39), would have the Court grant the motion with regard to all claims except those based on

claimed Fourth Amendment violations in the search of Plaintiffs' apartment. Defendants object to the Report and Recommendation. (ECF 40).

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case. Upon said review, the Court finds the Magistrate Judge's opinion accurately portrays the evidence from the perspective of the non-moving party, mis-stepping only in taking a subjective perspective of the investigating officer's decisions. (ECF 39, PageID 277 ("it is difficult for the undersigned to find that officers possessed an objectively reasonable belief that Plaintiffs would imminently destroy evidence where those officers testify they held the subjective belief that Plaintiffs consented to their entry."))

Thus, the Court will adopt the recommendation that Defendants' motion for summary judgment be granted with regard to *pro se* Plaintiffs' claims alleging the alteration of evidence, civil conspiracy, and municipal liability. The Court disagrees, however, with the analysis of exigent circumstances in the Report and Recommendations.

A court measures exigent circumstances by a standard of objective reasonableness, asking "whether the facts are such that an objectively reasonable officer confronted with the same circumstances could reasonably believe that exigent circumstances existed." *Ewolski v. City of Brunswick*, 287 F.3d 492, 501 (6th Cir. 2002) (quoting *Dickerson v. McClellan*, 101 F.3d 1151, 1158 (6th Cir. 1996). Among the situations that may give rise to exigent circumstances is the imminent destruction of evidence. *United States v. Johnson*, 22 F.3d 674, 680 (6th Cir. 1994); see also *Minnesota v. Olson*, 495 U.S. 91, 100 (1990). When considering whether exigent circumstances are present, the Supreme Court has directed that we balance the interests by weighing the governmental interest being served by the intrusion against the individual interest

that would be protected if a warrant were required. See, e.g., *Welsh v. Wisconsin*, 466 U.S. 740, 750-53 (1984); *Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 619 (1989). When "insistence on a warrant requirement would impede the achievement of the Government's objective," the Court has not hesitated to find that the scales tip in favor of the Government. See *Skinner*, 489 U.S. at 622-23, *United States v. Plavack*, 411 3d 655, 664 (6th Cir. 2005).

Thus, it is not relevant that "it is difficult … to find that officers possessed an objectively reasonable belief that Plaintiffs would imminently destroy evidence where those officers testify they held the subjective belief that Plaintiffs consented to their entry." (ECF 20 at 12). "[W]e do not look at the subjective motivations of an officer when examining the objective basis for a finding of exigent circumstances. 'An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, 'as long as the circumstances, viewed objectively, justify [the] action.'" *United States v. Schmidt*, 700 F.3d 934, 938 (7th Cir. 2012) (quoting *Brigham City v. Stuart*, 547 U.S. 398, 404 (2006)).

The need to prevent evidence from being lost or destroyed "may be particularly compelling where narcotics are involved, for narcotics can be easily and quickly destroyed." *United States v. Ashbourne*, 571 F. App'x 422, 424 (6th Cir. 2014), citing *United States v. Sangineto-Miranda*, 859 F.2d 1501, 1511-12 (6th Cir. 1988). Such belief can be shown by evidence that the officers knew "third parties [were] inside the dwelling" and that those persons "may soon become aware the police are on their trail, so that the destruction of evidence would be in order." Id. More specifically, police must possess a "good reason to fear that, unless restrained, [persons within the residence] would destroy [evidence] before they could return with a warrant." *Illinois v. McArthur*, 531 U.S. 326, 332 (2001)." (ECF 20 at 11).

4

Here, at the time that Sergeant Reese and Officer Cooper proceeded to Plaintiffs' apartment to question Inskeep about the marijuana grow operation that had been discovered, Sergeant Reese, Officer Cooper, and Officer Kizer knew Plaintiffs as having involvement with drugs, including a previous conviction for Inskeep involving the illegal cultivation of marijuana and the destruction of evidence. See Doc. #21-1, PageID 132-134; Doc. #21-2, PageID 149-150; Doc. #21-3, PageID 153.

The prior interaction with Inskeep about which the officers had knowledge bears further description. On September 11, 2002 a police helicopter spotted marijuana growing at 10257 East U.S. Route 36 in Champaign County. *Ohio v. Inskeep*, 2004-Ohio-4927, ¶ 1. The helicopter reported its findings, left to refuel, and returned to further observe the property. Upon return, it observed

> Inskeep cutting down more marijuana plants. As the helicopter approached, Inskeep laid flat on the ground for several minutes. [the officer] radioed to the officers on the ground about what he had seen, and the officers headed back to the property. Before they returned, Inskeep crawled out of the area in which he had been cutting and then stood up and started walking away. When Inskeep saw the police cruiser pull up, he ran inside a barn. Soon after, Inskeep came back out and surrendered to Deputy Chuck Arnold.
>
> Arnold patted Inskeep down and put him in the cruiser after Arnold voluntarily turned over a knife that was found to have vegetation around the handle. Arnold started to read Inskeep his *Miranda* warnings, when Inskeep blurted, "I thought you guys left...the helicopter—I thought it left. All I was trying to do was cut down my plants. * * * I'm allowed to grow four or five plants in the State of Ohio for my own use."

*Ohio v. Inskeep*, 2004-Ohio-4927, ¶¶ 2-3. Inskeep then consented to a search of the property. *Id*. ¶ 4. Inskeep was convicted of cultivating marijuana and tampering with evidence. *Ohio v. Inskeep*, 2004-Ohio-4927, ¶ 12. That is to say, in the case at bar, the officers knew that a jury had

previously found beyond a reasonable doubt that Inskeep was destroying evidence of a marijuana grow while he thought the police were conducting an investigation.

With this in mind, the Court concludes that Sergeant Reese's, Officer Cooper's, and Officer Kizer's entry into the apartment, and the subsequent detention of Plaintiffs, was justified by the existence of exigent circumstances related to the destruction of evidence of drugs. See *Ashbourne*, 571 F. App'x at 425 (affirming judgment of district court and finding that, even absent the smell of marijuana in the apartment, "the numerous other facts, taken in their totality, would demonstrate probable cause and justify the imminent-destruction-of evidence exigent-circumstances exception"); *Elkins*, 300 F.3d at 656-657 (reversing judgment of district court, finding that police officers had reasonable belief that drugs were present and the individuals inside were likely to destroy evidence, and stating that "[when] suspects were aware that police were close on their trail . . . this court has regularly held that exigent circumstances existed to support a warrantless search of the location in question"); *United States v. Ukomadu*, 236 F.3d 333, 338 (6th Cir. 2001) (affirming judgment of district court "because the agents had an objectively reasonable belief that there were people in the Brace Street residence and an objectively reasonable fear that the drugs would be destroyed imminently").

Moreover, the Court notes that Inskeep had filed a motion to suppress relating to the entry of the apartment in his state criminal case prior to pleading guilty. "As a general rule, a federal civil action brought under § 1983 is not a venue for re-litigating issues that were decided in a prior state criminal case." *McKinley v. City of Mansfield,* 404 F.3d 418, 428 (6th Cir. 2005) (citing *Allen v. McCurry,* 449 U.S. 90, 103–105 (1980)). Under 28 U.S.C. § 1738, "federal courts [are] to give preclusive effect to state-court judgments whenever the courts of the State

from which the judgments emerged would do so." *Haring v. Prosise,* 462 U.S. 306, 313 (1983) (quotation omitted). The controlling law of preclusion in this case, therefore, is the law of Ohio. *See City of Canton, Ohio v. Maynard,* 766 F.2d 236, 237-38 (6th Cir.1985). Issue preclusion in Ohio applies to claims that were *or could* have been litigated in the first action. *Perry v. Croucher*, 165 F.3d 28 (6th Cir. 1998).

The Sixth Circuit has interpreted Ohio law to bar litigation of a false imprisonment claim under indistinguishable circumstances. *Jackim v. Sam's E., Inc.*, 378 F. App'x 556, 561 (6th Cir. 2010) (citing *Walker v. Schaeffer,* 854 F.2d 138 (6th Cir.1988)). Inskeep "had the option of insisting upon a trial where h[is] acquittal would have cleared the way for this lawsuit. [He] chose to forgo his opportunity to litigate it by pleading [guilty], and is precluded from taking a different position in this forum." *Jackim v. Sam's E., Inc.*, 378 F. App'x 556, 562 (6th Cir. 2010).

"While it is true that *res judicata* is an affirmative defense, courts may dismiss *sua sponte* … because of the policy interest in avoiding 'unnecessary judicial waste.'" *Walker v. Seldman,* 471 F. Supp.2d 106, 114 n.12 (D.D.C. 2007) (quoting *Arizona v. California,* 530 U.S. 392, 412 (2000)); see also *Ali-Bey v. Reese*, No. 3:11-CV-114-RJC, 2011 WL 934023, at *3 n.2 (W.D.N.C. Mar. 15, 2011) ("The Court notes that generally principles of *res judicata* and collateral estoppel apply to § 1983 actions, *Allen v. McCurry,* 449 U.S. 90, 105 (1980), and the affirmative defense may, in certain circumstances, be raised by the court *sua sponte*." *Erline Co. S.A. v. Johnson,* 440 F.3d 648 (4th Cir.2006)"). The Sixth Circuit has left open the question of whether the desirability of avoiding duplicative litigation provided sufficient grounds for a court to raise the defense *sua sponte. See Lesher v. Lavrich,* 784 F.2d 193, 195 (6th Cir. 1986), but has upheld a

district court's order *sua sponte* dismissing an action under 42 U.S.C. § 1983 as barred by *res judicata*. *Banner v. Mashburn,* 819 F.2d 289, No. 86–6030 (6th Cir. June 1, 1987).

Since Shafer did not respond to the Motion for Summary Judgment, (ECF 21), the fact that Inskeep had a prior opportunity to litigate the questions of his constitutional rights is a separate, independent reason for this Court to grant summary judgment.

Because exigent circumstances existed, and because Inskeep is precluded from bringing his Fourth Amendment claims, the Court **REJECTS** the part of the Report and Recommendation that Defendants' Motion for Summary Judgment be denied with regard to *pro se* Plaintiffs' section 1983 claims alleging Fourth Amendment violations; **GRANTS** Objection to Magistrate Judge Order (ECF 40); **ADOPTS** the part of the Report and Recommendations of United States Magistrate Judge Newman (ECF 39) that Defendants' Motion for Summary Judgment (ECF 21) be granted with regard to *pro se* Plaintiffs' claims alleging the alteration of evidence, civil conspiracy, and municipal liability; **GRANTS** Motion for Summary Judgment by Defendants City of Urbana Ohio, Jade Michael Cooper, Jason Kizer, David Reese. (ECF 21), and **TERMINATES** the instant case from the dockets of the United States District Court, Southern District at Dayton.

**DONE** and **ORDERED** this Tuesday, August 7, 2018.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE